BENJAMIN REEDER v. MARY E. GORSUCH *et al.*

DEED ABSOLUTE, *When a Mortgage.* In order to establish that a deed absolute on its face is in fact only a mortgage, it must be shown, either by direct evidence or by the circumstances of the case, that it was the intention and understanding of the grantor and the grantee that it should so operate. It is not enough that one of the parties so considered it; both must concur; otherwise, the deed will be treated according to its import, unless tainted by fraud or the result of accident or mutual mistake.

*Error from Johnson District Court.*

ACTION by *Mary E. Gorsuch* and others against *Benjamin Reeder* to have a certain deed decided to be a security merely, and for damages. Judgment for plaintiffs, October 4, 1890. The defendant brings the case to this court. All the material facts are stated in the opinion herein, filed July 6, 1895.

*John T. Little,* and *A. Smith Devenney,* for plaintiff in error.

*I. O. Pickering,* for defendants in error.

The opinion of the court was delivered by

MARTIN, C. J.: On September 27, 1889, the defendants in error, being the widow and children, the heirs at law of Luke E. Gorsuch, deceased, commenced their action to have a certain deed for 640 acres of land in Johnson county declared and decreed to be a security merely. and for damages in the sum of $4,000. A trial before the court without a jury at the September term, 1890, resulted in a judgment, October 4, 1890, in favor of the plaintiffs below, decreeing that the deed of date December 10, 1888, from Luke E. Gorsuch and Mary E. Gorsuch, his wife, to Benjamin Reeder, the defendant below, was and is in equity a mortgage, and not a deed of conveyance, and also that the plaintiffs below should be restored to the immediate possession of the lands, and that they have and recover of and from the defendant below the sum of $1,880 damages and costs of suit.

At and before the time of the execution of said deed, said land was heavily incumbered by mortgage indebtedness to several persons, one of the principal mortgagees being Mary J. Hughes, the daughter of the defendant below.   She resided in Indiana, and he transacted her business and also some of his own in her name. The subject of the indebtedness of Luke E. Gorsuch, and as to devising some plan whereby he might be relieved of it and still save something for his family, had been talked of for some time before the transaction in question.   On December 8, 1888, Luke E. Gorsuch, being quite ill and not expecting to recover, the defendant below called at his house and an agreement was reached, and he went to Olathe and had a deed prepared and also a contract.   He went back to the Gorsuch residence, taking with him a notary public, and

the deed was executed and acknowledged by said Gorsuch and wife, and the contract was signed by Gorsuch and Reeder. The contract was taken by Mrs. Gorsuch and placed in a drawer with her husband's papers, and, after his death, which occurred December 24, 1888, was given to her attorney who produced it upon the trial. For some reason the deed was not satisfactory, and it was destroyed and another one was executed to take its place on December 10, 1888. The deed was of the usual form with covenants of warranty and against incumbrances; but in the latter covenant was inserted the following clause: "Except $8,000 and interest to Lombard In. Co., K. L. & T. Co., and J. L. Pettyjohn & Co., and $160 due for taxes which Reeder assumes to pay; and Reeder also assumes to pay to M. J. Hughes the sum of $8,720, leaving a balance of $9,351.47 due to M. J. Hughes, which sum Reeder does not assume to pay, and a mortgage sum due to M. G. Miller which Reeder does not assume to pay, or any judgments." The body of the contract, executed on December 8, reads as follows:

"Witnesseth, That said Gorsuch has this day sold to Reeder the east half of section 29 and southeast quarter of section 20, and northeast quarter of section 22, all in township 14, range 24, Johnson county, Kansas. Now, if the said Luke Gorsuch shall sell all of said land in 18 months from this day, and pay off all the liens which are now on said lands, with interest to day of sale, then said Gorsuch to have all the money arising from the sale of said lands over and above the payment of all the liens aforesaid; but said lands shall not be sold for less money than will pay all the demands from the day of sale aforesaid. Reeder to make deed to purchaser. If said lands shall not be sold within the time herein specified, and on the time herein specified, then this agreement to be null and void."

The defendant below claimed that the deed and the contract together fully stated the agreement, while the plaintiffs below contended that Reeder agreed to hold the deed simply as a mortgage, and that whenever the debt was paid he would reconvey the premises. Reeder further claimed that he paid off all the indebtedness which he had expressly assumed in the deed, and that he had delivered the notes to Luke E. Gorsuch in his lifetime, although he had not caused satisfaction to be entered of record, supposing that to be unnecessary until all the indebtedness had been paid ; but the plaintiffs below contended that Reeder had not paid any of the indebtedness nor surrendered any of the notes. The court found that the amount of indebtedness assumed by Reeder was $17,200, and that the land was worth, on December 10, 1888, $20,-800. The finding of the court as to payment of the incumbrances by Reeder is not clear, being as follows :

"V. That said Reeder has not released or procured to be released any of the lands in controversy from any of the mortgage incumbrances as assumed by said Reeder in said instrument purporting to be a deed of December 10, 1888, but the same remain subsisting incumbrances on all the said lands."

In view of the evidence and the language of this finding, we cannot be certain whether the court meant to say that Reeder had not paid any part of the indebtedness, or only that he had not caused satisfaction of any of the incumbrances to be entered.

The court further finds that the written contract of December 8, 1888, was entered into between Benjamin Reeder and Luke E. Gorsuch, and that before and at the time of the execution of said deeds of December 8 and December 10, respectively, Luke E. Gorsuch and Mary E., his wife, "believed, understood and in-

tended that each of said instruments, although purporting to be a deed, was in fact a mortgage, and was to be considered and treated as a mortgage, and not a deed.'' There is no finding as to the belief, understanding or intent of Reeder, the grantee. In order to establish that a deed absolute on its face is in fact only a mortgage, it must be shown, either by direct evidence or by the circumstances of the case, that it was the intention and understanding of the grantor and the grantee that it should so operate. It is not enough that one of the parties so considered it; both must concur; otherwise, the deed will be treated according to its import, unless tainted by fraud or the result of accident or mutual mistake. ( Beach, Mod. Eq. Jur., § 414; 1 Jones, Mort., § 335; *Douglass v. Moody*, 80 Ala. 61, 63; *Vincent v. Walker*, 86 id. 333, 336; *Holmes v. Fresh*, 9 Mo. 200, 208, 209; *Jones v. Brittan*, 1 Woods, 667, 673; *Andrews v. Hyde*, 3 Cliff. 516; and expressions in some of the opinions of this court are in harmony with this view. *Bennett v. Wolverton*, 24 Kas. 284, 289; *McDonald v. Kellogg*, 30 id. 170, 172.)

The special findings of the court alone being insufficient to warrant the conclusion that the deed was in fact a mortgage, it is necessary to take into account the evidence on that point, and from a careful consideration of it we are constrained to differ with the learned trial judge. It should be remembered that Reeder was not a mortgagee, and it is not shown that he had any interest in any of the incumbrances, except as the agent of his daughter. By the deed, he expressly assumed the greater part of the indebtedness so that he was personally liable thereon, and he took the land subject to all other incumbrances. The instrument of writing signed by Gorsuch and Reeder

was intended to be taken in connection with the deed
as defining the rights of the parties outside of it.
Reeder testifies that he never agreed to hold the deed
as a mortgage. Aside from the written instrument
the preponderance of the evidence on this point would
seem to be against him. It is a matter of dispute
whether this contract was read in the presence of Mr.
and Mrs. Gorsuch and some of the children or not.
The matter of its execution was talked over with Mrs.
Gorsuch before Reeder went to Olathe to have the
papers drawn up, and she knew that it was ex-
ecuted. Her husband was not illiterate, nor was she
especially so. She took charge of the contract after
it was executed and turned it over to her attorney
amongst the papers in order to inform him as to the
evidence in the case. And we think that the deed and
the contract together are controlling on the well-es-
tablished principle that all prior and contemporaneous
oral negotiations should be considered as included in
or concluded by the written contract of the parties re-
sulting from them. Of course there are exceptions to
this rule in cases of fraud, accident, imposition or
mutual mistake, but the findings and the evidence do
not bring the case within any of these.

Taking the deed and the contract together, we think
that they constitute a sale of the lands by Gorsuch and
wife to Reeder, the consideration being that Reeder
assumed a certain part of the indebtedness, and agreed
to take the land subject to all the incumbrances, and
to hold the same for a period of 18 months, on condi-
tion that Gorsuch might sell it within that time, if he
could do so, for the amount of the incumbrances or
more, and that he should have the benefit of any ex-
cess, Reeder to make deed to the purchaser; and that
if the land should not be sold within the time speci-

fied, then this contract to be null and void, in which case the deed alone would govern the rights of the parties. There is no suggestion of the inability of Reeder to carry out his part of the contract. This suit was brought before the expiration of the 18 months and without any attempt, so far as appears, either by Luke E. Gorsuch or his widow or children, to sell the property, as might have been done under the agreement of December 8, if a purchaser could be found at a price which would be equal to or in excess of the amount of the incumbrances. In this respect, the case bears a close analogy to *Elston v. Chamberlain*, 41 Kas. 354, 356, 357, 363. After the expiration of the 18 months, without any action under the agreement of December 8, we think the deed of December 10, 1888, became absolute. Entertaining these views, it is unnecessary to consider other questions presented by counsel and arising upon the record.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.