No. 33,631

MARY NELSON, *Appellant*, v. ADOLPH PETERSON, HILDA LARSON, INGRISDSTINA LARSON, CARL JOHNSON, and JOHN STODDART, Administrator de bonis non of the Estate of Elof Peterson, Deceased, *Appellees*.

(78 P. 2d 20)

Opinion filed April 9, 1938.

*Walker F. Means,* of Hiawatha, for the appellant.

*L. E. Helvern* and *R. W. Shaw,* both of Hiawatha, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: Mary Nelson filed her claim in the probate court of Brown county against the estate of Elof Peterson for $3,720. The claim was allowed by the probate court. Upon appeal to the district court, a demurrer to plaintiff's evidence was sustained and the claim denied. The court overruled plaintiff's motion for a new trial. From these orders and judgments the plaintiff, Mary Nelson, appeals.

Elof Peterson died single, intestate and without issue on March 19, 1936, in Brown county. His only heirs were his brothers and sisters and certain nephews and nieces. In 1902 Elof and his brother Carl, who was also a bachelor, were living on a farm in Brown county. The farm was owned by Elof. Mary Nelson, a married sister, was living in New York. Her husband had died, leaving her with five children. In that year Mary Nelson, bringing her children, came to the home of her brother Elof. The oldest child was twelve, and the youngest was three years of age. Later another child was born. The evidence is conflicting as to how long the children made their home with their mother, as to how much work they did about the farm or when they left.

Mary Nelson made her home with her brother, Elof Peterson, from the fall of 1902 until his death in the spring of 1936. Her claim against the estate of Elof is for services as housekeeper during that time and in the sum of $3,720.

The sole question is whether the plaintiff is entitled to recover for the services rendered.

The questions of law involved are well settled.

First: The judgment in favor of defendants was rendered upon a demurrer to the evidence of the plaintiff. In considering a demurrer to the evidence the court takes into consideration only those facts and reasonable inferences therefrom which are favorable to the party adducing them, and not facts or inferences favorable to the party demurring. (*Tilden v. Ash,* 145 Kan. 909, 67 P. 2d 614; *Mayse v. Grieves,* 124 Kan. 754, 262 Pac. 541.)

Second: Ordinarily if a person renders services to another at the request of or with the knowledge of the recipient, there is an inference that the recipient agrees to pay therefor; the inference may, however, be rebutted by the existence of a close family relationship

between the parties. The rule is thus expressed in *Ayres v. Hull*, 5 Kan. 419:

"It may be stated as a general principle of almost universal application that when one person does work for another, with the knowledge and approbation of that other, the law will imply a promise on the part of the person benefited thereby to make a reasonable compensation therefor. But, if the relation of the parties is such as to show some other inducement than a pecuniary one for the labor, then the law will not imply a promise to pay for such services. As where a daughter remains in the family of her father after her majority, performing her share of the ordinary labors of the household and receives in return her maintenance, and the comfort and protection of the family relations, she will, in the absence of proof of some other understanding, be presumed to have done the work gratuitously, and without the expectation of pecuniary reward." (p. 421.)

Third: The express contract required to support the claim of the plaintiff may be established in the manner stated in *Griffith v. Robertson*, 73 Kan. 666, 85 Pac. 748:

"Before a daughter can recover from the estate of her deceased mother for services rendered while residing with, and as a part of, her mother's family, it must be shown that an express contract existed between herself and mother that such services should be paid for. It is not essential that the evidence in support of such express contract shall consist of a formal offer and acceptance; it may be established like other disputed facts by any competent testimony."

With these principles in mind we pass to the evidence. It is not denied that Mary Nelson resided in the home of her brother, Elof Peterson, from 1902 until 1936; that she performed the ordinary services of housekeeper; that she was faithful and efficient in the discharge of these duties. It is admitted that she received and enjoyed the benefits of the home of her brother Elof during all those years; that she also had the benefit of the home for her six small children until they grew up and were able to make their own way. The record fails to show any promise or understanding that she would receive wages in addition to the benefits of the home. There was no evidence of any bargain or agreement at the time she came from New York.

Carl Peterson, the bachelor brother, lived at the home of Elof and was present at the death of Elof. Carl testified he never heard his sister make a demand on Elof for wages and never heard Elof promise to pay wages to Mary; nor did he hear Elof say who was to get the farm at his death.

Joe Schmitt is a son-in-law of Mary Nelson. He had visited the place of Elof Peterson about twice a week for twenty-five years. He recalled a conversation between Elof and Mary about ten or fifteen years ago in which Mary told her brother Elof she would have to have some clothes to wear; Elof replied that "he couldn't buy her any, he didn't have any money." At another time, some five or six years before Elof's death, this witness heard Elof say, "I am going to have to leave my farm to them; . . . I want to see that the two old people are taken care of." He also testified to a similar remark made by Elof about three hours before he died. Similar testimony was given by several other relatives of the plaintiff. Giving the plaintiff the benefit of every fact established by the evidence, and of every inference to be legitimately deduced therefrom, we think the trial court was justified in sustaining the demurrer to the evidence. In order to recover for the services, the plaintiff must affirmatively show either an express contract for remuneration existed, or that the circumstances under which the services were rendered were such as exhibited a reasonable and proper expectation that there would be compensation. (*Wyley v. Bull,* 41 Kan. 206, 20 Pac. 855; *Robinson v. Johnson,* 119 Kan. 639, 240 Pac. 962; *Sherman v. Davidson,* 123 Kan. 69, 254 Pac. 351; *In re Erickson,* 123 Kan. 491, 255 Pac. 1108; *Johnson v. Lander,* 140 Kan. 329, 36 P. 2d 1006.) As the evidence submitted on the part of the plaintiff failed to meet these requirements, the judgment of the trial court must be affirmed. It is so ordered.

DAWSON, C. J., not sitting.