HARRY H. JOHNSON and ALICE JOHNSON, his wife, *Appellants*, v. ROBERT M. ALLEN and FLAG OIL CORPORATION OF DELAWARE, a corporation, *Appellees*.

No. 39,813

HARRY H. JOHNSON and ALICE JOHNSON, his wife, *Appellees*, v. FLAG OIL CORPORATION OF DELAWARE, a corporation, *Appellant*.

(285 P. 2d 764)

Opinion filed July 6, 1955.

*Marvin E. Thompson*, of Russell, argued the cause, and *George W. Holland* and *A. K. Shearer*, both of Russell, were with him on the briefs for the appellants.

*William Wagner*, of WaKeeney, argued the cause, and *Edward Howell* and *Thomas C. Smith, Jr.*, both of Oklahoma City, Okla., and *Ernest J. Deines*, of WaKeeney, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is a consolidated appeal. The appellants Johnson appeal from an order of the trial court sustaining appellee's motion to strike a part of appellants' amended reply and the appellee (Flag Corporation) appeals from the same order overruling the

balance of appellee's motion to strike the remaining parts of appellants' amended reply.

The action was originally commenced to quiet appellants' title to certain land in Sheridan county and the petition properly set out the necessary allegations showing appellants to be absolute owners in fee simple.

Appellee, Flag Oil Corporation, answered that it was owner of ⅛ of all minerals by virtue of a mineral deed from appellants' predecessor in title to the Flag Oil Company, which then executed a mineral deed to the Flag Oil Corporation.

For convenience we will refer to Harry H. Johnson and Alice Johnson, his wife, as appellants; The Farmers Union Educational and Co-operative Union of America, as the Co-operative Union; Kansas Farmers Union Royalty Company as the Royalty Company; Frank Teeter as Frank; Mary Teeter, also known as Mary M. Teeter, as Mary; Flag Oil Company as the Flag Company; Flag Oil Corporation as the Flag Corporation; and Aldrich Blake as Blake.

There were other defendants named in the pleadings filed in the district court but they are not affected by this appeal.

Appellants filed a reply wherein they admitted the execution of the mineral deeds but questioned the title of Frank and Mary at the time of execution of their mineral deed to the Flag Company in 1930 by reason of a postnuptial agreement between Frank and Mary. This agreement by reference was also set out in the amended reply but is not involved in this appeal.

In paragraphs 6 to 11, inclusive, of the reply, lack or failure of consideration was alleged because of fraud and representations of the Flag Corporation's grantor in obtaining the mineral deed from Frank and Mary, of which facts the Flag Corporation had actual and constructive notice at the time of the execution of the mineral deed to it.

Flag Corporation moved to strike these allegations in the reply on the grounds that (1) appellants were not proper parties; (2) the allegations were mere conclusions and not facts; (3) all matters were barred by the statute of limitations; and (4) appellants were barred by laches and estoppel.

The trial court sustained the motion to strike paragraphs 6 to 11, inclusive, of the reply. Appellants appealed from that ruling and before an opinion was handed down by this court, the appeal was dismissed by the appellants.

Appellants filed an amended reply consisting of six paragraphs. However, they included in paragraph 6, subparagraphs A. to P., inclusive, which covered approximately ten pages of the abstract and included everything in paragraphs 6 to 11, inclusive, in the reply except that the amended reply was in much more detail and enlarged upon the allegations first set out in the reply. The amended reply did not as emphatically stress the theory of false and fraudulent representations, but adhered more strictly to the theory of lack or failure of consideration. For a better understanding of the allegations of the amended reply under consideration a brief summary thereof may be helpful.

Blake, as secretary and agent for Flag Company and Flag Corporation, approached the Cooperative Union and proposed that he obtain by mineral deeds one half the mineral rights in land owned by farmers in Kansas in return for one share of stock in the Cooperative Union for each block of 160 acres of mineral rights so transferred. The Cooperative Union was unable to do this legally so, at Blake's suggestion, the Royalty Company was incorporated to carry out that purpose. Blake began negotiations to obtain the mineral deeds with ⅛ interest being executed to him or his nominee and ⅜ interest to the Royalty Company with knowledge on his part of the alleged legal infirmities of the Royalty Company to act. This knowledge was imparted to the Flag Company and the Flag Corporation by reason of Blake's agency. Blake made Flag Company grantee in the mineral deeds covering the ⅛ interest and these interests were transferred by Flag Company to Flag Corporation. Blake owed the duty to the Royalty Company to carry out the terms of his agreement with it and knowledge of this on the part of Flag Company and Flag Corporation imposed the same duty on them by reason of the agency and the benefits derived by Flag Company and Flag Corporation. By receiving the one share of stock each farmer was to participate in the royalty pool, which covered 2,228 blocks of 160 acres each, which were finally obtained by the process outlined. Representations were made to Mary and Frank on May 6, 1930, concerning the development of the royalty pool as above set out, and they executed the mineral deed in question in reliance upon those representations.

Blake failed to pay in money to the Royalty Company for stock owned by him and through misfeasance or faulty conduct caused 1,250 shares of stock of the Royalty Company to be issued when mineral deeds were acquired on only 485½ or 486½ quarter sections

of land. The Royalty Company went through receivership proceedings by reason of which appellants obtained the Royalty Company's interest in the land involved in this appeal by receiver's deed on October 17, 1947. Flag Corporation took over the assets and stock of the Flag Company, which was dissolved on May 25, 1948.

To this amended reply Flag Corporation filed a motion to strike paragraph 6 in its entirety on the grounds of (1) *res judicata* because of former ruling on the reply; (2) acquiescence and estoppel of appellants because of dismissal of former appeal and filing of amended reply; (3) no rights in appellants were shown and they are not proper parties to question the validity of Flag Corporation's mineral deed; (4) appellants had no right to claim breach of contract with a third party on failure of consideration, which pleaded as such is no ground for affirmative relief, and such affirmative claims are barred by the statute of limitations. (G. S. 1949, 60-304.)

The trial court overruled grounds (1) and (2), sustained (3), and as a result of the ruling on (3), held (4) was moot. The appeal here is from the order sustaining (3) and in the proper order of things, we will dispose of that feature first.

Before doing this, however, we wish to commend counsel for the manner in which they have abstracted and briefed this case. Their diligence in preparing the record has been a great help to the court and we feel they are deserving of favorable comment thereon.

Ground (3) of the amended reply, which is the part in controversy, developed the original quiet title action into one to set aside and cancel a mineral deed on the ground of lack or failure of consideration both as to the mineral deed and the contract entered into between the Royalty Company and Flag Company, later taken over by Flag Corporation. It is evident that appellants cannot have their title quieted unless the mineral deed is set aside. Appellants first acquired title by quitclaim deed from Frank on November 30, 1942, and the subsequent deeds of the heirs of Frank and Mary. They then acquired the title of the Royalty Company in and to its share of ⅜ interest in the minerals by reason of the receiver's deed to them on October 17, 1947. These deeds were subsequent in time and subject to the mineral deed executed by Frank and Mary on May 6, 1930, to the Royalty Company and to Flag Company, which, as previously mentioned, was taken over by Flag Corporation.

Thus the allegations that have been stricken are actually a part of appellants' cause of action as though they had been pleaded in

the petition. They are not affirmative defenses to new matter set out in appellee's answer so that the order sustaining the motion to strike those allegations is equivalent to a demurrer in this case.

What did appellants get when they received the quitclaim deed from Frank and the heirs of Mary and Frank? They received only that interest that was owned by their grantors. The same is true of the receiver's quitclaim deed of the Royalty Company's mineral interest. The appellants could not have received title to one half the mineral rights at the time of their first quitclaim deed from Frank and the heirs of Frank and Mary because title to those mineral rights was in the Royalty Company and Flag Company, later Flag Corporation. Then upon receipt of the receiver's quitclaim deed they could not have received any rights in the ⅛ interest because these rights were in Flag Company, later Flag Corporation. Appellants' grantors could not convey to them by quitclaim deed something which they had previously conveyed by a mineral deed. If there was any right to have the mineral deed set aside it was in Frank and Mary and not in appellants. There is no showing in the record that Frank and Mary ever attempted to set aside the mineral deed. (*Gray v. Ulrich*, 8 Kan. 112.) Appellants received only what their deeds granted them determinable by taking into account the mineral deed of Flag Company, later Flag Corporation. (*Westhusin v. Landowners Oil Ass'n*, 143 Kan. 404, 408, 55 P. 2d 406.) See, also, the earlier case of *Mining Co. v. Atkinson*, 85 Kan. 357, 116 Pac. 499. A grantor who has previously disposed of title in land cannot later transfer that title to a subsequent grantee.

A number of cases have been cited by counsel on this question but upon reading them we find the facts and circumstances involved in them to be different from our case and they do not help us here.

The correct determination of the matter was made by the trial court in this case and it is not necessary to cover the propositions raised by the cross-appeal even though they may have merit, especially pertaining to the statute of limitations, but we adhere to the general rule of appellate tribunals that once a matter is determined, it is unnecessary to determine all other issues raised in connection therewith.

The judgment of the trial court is affirmed.