No. 40,148

ELMER E. FOX, *Appellee*, v. FLAG OIL CORPORATION OF DELAWARE, a corporation, *Appellant*.

(298 P. 2d 260)

Opinion filed June 9, 1956.

*William Wagner*, of WaKeeney, argued the cause, and *Edward Howell*, of Oklahoma City, Oklahoma, *Harry W. Colmery* and *James E. Smith*, both of Topeka, and *Ernest J. Deines*, of WaKeeney, were with him on the briefs for the appellant.

*E. H. Hatcher*, of Topeka, argued the cause, and *D. A. Hindman*, of Stockton, and *Marion Chipman* and *Kenneth Clark*, both of Hill City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Price, J.: This is an action whereby plaintiff landowner seeks to quiet his title as to an outstanding mineral interest held by defendant. The appeal is by defendant from an order overruling its demurrer to the amended petition.

In view of our disposition of the case, only a brief summary of the factual background as alleged in the amended petition and exhibits attached thereto, is required.

In July, 1929, Flag Oil Company and Flag Oil Corporation of Delaware each owned all of the stock of the other excepting qualifying shares, and one Blake was the secretary and agent for both. Blake, in order to promote a pooling plan whereby landowners could participate therein, was the moving factor in the formation and organization of a mineral pooling corporation referred to as Royalty Company. He was to perform certain duties in connection with the plan which included the procurement of mineral deeds. In April, 1930, plaintiff conveyed a one-half interest in the minerals under his land to Royalty Company and Flag Oil Company in the respective proportions of three-fourths and one-fourth to each. In other words, Flag was conveyed a one-eighth interest, and that is the mineral deed now in question. As consideration for these conveyances, which were duly recorded, plaintiff received one share of stock in Royalty Company, thereby becoming eligible to participate in profits derived from minerals under the land of other landowners who conveyed their mineral interests in like manner. As a result of its solicitations and operations, Royalty Company acquired mineral deeds on 486-½ quarter sections of land as against 1250 shares of stock issued. Royalty Company was dissolved in a court proceeding by action of its stockholders in 1947, and in the course of its dissolution plaintiff received a conveyance back to him of the mineral interest which he previously had deeded to Royalty Company. The outstanding

one-eighth mineral interest, which plaintiff had deeded to Flag Oil Company, passed by assignment to defendant Flag Oil Corporation of Delaware, in whose hands it still remains.

The amended petition further alleges that the dissolution and receivership of Royalty Company was due to the failure of Blake and the Flag organizations to comply fully with the terms of the original agreement with respect to the operation and management of Royalty Company, and that because of such default defendant Flag Oil Corporation received the one-eighth mineral interest in question without any consideration of any kind or character to plaintiff, and the prayer is that the cloud thus cast by defendant's claim be removed from plaintiff's title, and that his title be quieted against defendant and all persons claiming by, through, or under such claim.

As heretofore stated, defendant has appealed from an order overruling its demurrer to the amended petition.

In its effort to overthrow the trial court's ruling defendant advances several arguments. It is contended that the facts alleged do not show failure or lack of consideration for the mineral deed; that mere want or failure of consideration, in the absence of fraud, is insufficient to obtain cancellation; that any right of action, if it did exist, for any breach by Blake of the obligations in the 1929 contract was in Royalty Company and not in plaintiff as one of its stockholders, and that any cause of action, either in Royalty Company or in plaintiff as an individual, has long since been barred by applicable statutes of limitation.

The gist of plaintiff's argument in support of the trial court's ruling is that failure of consideration for the deed is alleged; that it is therefore void and a nullity, and that no statute of limitation would bar an action to remove the cloud thus cast upon plaintiff's title.

Despite allegations in the amended petition as to "no consideration or benefit" passing to plaintiff, and which amount merely to naked conclusions of the pleader and are not admitted by the demurrer (*Preston v. Shields,* 159 Kan. 575, 156 P. 2d 543), from other allegations it is clear that as consideration for the execution of the mineral deeds plaintiff received one share of stock in Royalty Company. He does not rely on fraud, and his contention really amounts to a claim that because of the subsequent failure of Blake and the Flag organizations to comply fully with Blake's agreement

with Royalty Company to perform certain duties and obligations, Royalty Company did not obtain as many valid mineral deeds as shares of stock issued, resulting in the eventual receivership and dissolution of Royalty Company. For some of the history and background of the entire matter see *Fox v. Kansas Farmers' Union Royalty Co.*, 157 Kan. 297, 139 P. 2d 815, with particular reference to what was said at pages 305 and 306 of the opinion. We do not agree with plaintiff's contention that the allegations of the amended petition show that the mineral deed in question was without consideration and therefore void.

What has been said really disposes of this appeal, but we mention briefly the matter of applicable statutes of limitation.

Defendant is the owner of the one-eighth interest mineral deed to plaintiff's land. Plaintiff desires to remove the cloud cast by that deed and to quiet his title. Even though the deed, which was given in 1930, were subject to cancellation because of the claimed defaults, plaintiff was and is required to cancel and set it aside in order to quiet his title. (*Terrill v. Hoyt,* 149 Kan. 51, 87 P. 2d 238; *Johnson v. Allen,* 178 Kan. 348, 285 P. 2d 764.) This action was not commenced until 1954. Assuming, solely for the sake of argument, that a cause of action ever existed in plaintiff as an individual, it has long since been barred, whether based on breach of a written contract (G. S. 1949, 60-306, *First*) or for the recovery of real property (G. S. 1949, 60-304, *Fourth*).

Much more on the subject might be said but we consider it unnecessary to do so in view of the conclusion reached. The order of the trial court overruling defendant's demurrer to the amended petition was erroneous and is reversed.

PARKER, J., not participating.