No. 40,179

ANNA M. PALMER, *Appellant,* v. THE LAND AND POWER COMPANY, a Corporation, *Appellee.*

(306 P. 2d 152)

Opinion filed January 12, 1957.

*Robert Martin,* of Wichita, argued the cause and *D. Arthur Walker,* of Arkansas City, and *George B. Collins, Oliver H. Hughes, K. W. Pringle, Jr., W. F. Schell* and *Thomas M. Burns,* all of Wichita, were with him on the briefs for the appellant.

*Donald Hickman,* of Arkansas City, argued the cause and *Kirke W. Dale,* of Arkansas City, and *Harry O. Janicke* and *John A. Herlocker,* both of Winfield, were with him on the briefs for the appellee.

The following opinion was prepared by SMITH, C. J. and approved by the court prior to his retirement from the court, and is now ordered filed as the opinion of the court.

This was an action for slander of title to real estate and to quiet plaintiff's title. Judgment was for defendant. Plaintiff has appealed. The real estate involved is an undivided one-half interest in the minerals under the ground in a tract of land.

The litigation was begun on September 7, 1950. The defendants were The Land & Power Company, a corporation, and A. L. Newman, its secretary and treasurer. It has been in this court once before. (See *Palmer v. The Land & Power Co.,* 172 Kan. 231, 239 P. 2d 960.) There the trial court sustained defendant's demurrer to plaintiff's evidence. On appeal we reversed and sent the cause back to be tried. It has been tried now and this appeal is from a judgment in favor of the defendant.

The first cause of action began in 1950 and stated the plaintiff was the owner of the described tract; that about August 6, 1946, plaintiff and her husband entered into a contract with defendant for the purchase of the tract on payments and on full payment being made, defendant was to deliver a warranty deed, reserving to it for a period of ten years, or as long as oil or gas should be produced an undivided one-half interest in the minerals under the premises described; that about August 6, 1947, the parties entered into an oral contract; that in consideration of full payment of the purchase price then outstanding defendant would convey the tract to plaintiff and her husband without the reservation; that on the same date plaintiff and her husband did pay the full purchase price to defendant and defendant through its secretary did convey to them the tract by warranty deed without the reservation; that on November 6, 1947, plaintiff's husband died; that on December 15, 1946, plaintiff discovered an error in the description in the deed and through her attorney, George Templar, notified defendant and made an oral demand on defendant that the error be corrected; that on January 7, 1948, defendant, A. L. Newman, acting for himself and the company, executed a warranty deed to the premises and property and reserved the minerals to it for ten years; and Newman and the company knowingly, willfully and maliciously placed this deed of

record well knowing the reservation to be a false and fraudulent encumbrance upon the premises; that plaintiff had refused to accept delivery of the deed and had so notified defendants; that by reason of the foregoing plaintiff was damaged in the amount of $7,500.

For her second cause of action plaintiff made the allegations of the first a part and alleged she was in peaceable and actual possession of the premises; that the power company claimed a one-half interest in the oil and gas under the premises for ten years and the claim was false and fraudulent; that due demand had been made that defendant desist from claiming such interest and it had refused to do so.

Judgment was asked for $7,500 and that plaintiff's claim be quieted.

The power company for its separate answer denied generally. It then admitted the identification of the parties, the execution of the contract, the execution of the deeds dated January 7, 1949, Exhibit 2, and August 6, 1947, Exhibit 3. It alleged that Exhibit 2 through a mistake of the scrivener and the mutual mistake was an oversight and error of defendant, the plaintiff and her husband, there was erroneously omitted the reservation from the deed; it then quoted the appropriate provisions of the contract and alleged that the covenants contained in it were obligatory upon heirs, executors or assigns of the parties; that as a result of such error, mutual mistake and oversight, the deed was eroneously prepared, executed and delivered and accepted without the mineral reservation; that at the time plaintiff notified it of an error in the description the defendant first discovered the mistake in failing to include the reservation and so notified plaintiff; that for the purpose of correcting the mutual mistake and the error in the description of the property, the defendants executed, recorded and delivered the second deed, Exhibit "3."

The prayer of the answer was that plaintiff recover nothing.

The reply was a general denial.

With the issues thus drawn, the case was tried and the trial court sustained defendant's demurrer to plaintiff's evidence. When the cause reached us on the first appeal we reviewed the pleadings; pointed out that the evidence of plaintiff to the effect that the contract was entered into and the plaintiff and her husband within less than a year after the contract was entered into paid all the balance, and defendants prepared and delivered to plaintiff a warranty deed

free and clear of all incumbrances without exception or reservation; that Ernest Palmer died and in the settlement of his estate it was discovered there was a mistake in the description; that this suspected error was confirmed and counsel for plaintiffs approached Newman and demanded a corrective deed; that in the first conversation no mention was made by Newman of any failure to reserve mineral rights; that later Newman told counsel he would have his attorneys prepare another deed correctly describing the land but he would include in this deed a reservation of mineral rights as set forth in the original contract; that counsel informed Newman that Palmer had told him that the company had agreed to waive the reservation if Palmer would pay the contract off in 1947 and Newman replied there was nothing to that; that counsel refused to accept the deed because it contained such reservation; that notwithstanding the rejection of this by counsel, defendants caused it to be filed for record, which deed in addition to correcting the error in description reserved one-half of the minerals in the company and such deed was filed of record without the knowledge of plaintiff or her attorney; that defendants paid the recording fee and mailed it to plaintiff, stating it was the deed the attorney for plaintiff requested; the evidence showed plaintiff's counsel had refused to accept or approve the deed; that at the time the second deed was made there was oil play in the vicinity of the tract in question.

We then pointed out that plaintiff did not bring her action to reform an instrument and such was a matter of defense that the execution of the contract and the warranty deed had been admitted and consideration, or the lack of it, had not been pleaded. We then pointed out the general rule that prior stipulations and agreements were merged in the final and formal contract or deed executed by the parties and when a deed is delivered and accepted as performance of a contract to convey, the contract is presumed to be merged in the deed. With reference to the argument, there was no consideration, we quoted G. S. 1949, 16-107, as follows:

"All contracts in writing, signed by the party bound thereby, or his authorized agent or attorney, shall import a consideration."

We then pointed out plaintiff was entitled to this presumption. On the basis of the above we held the demurrer to the evidence of plaintiff should have been overruled. We reversed the judgment and ordered a new trial of the cause.

We go now to a consideration of pleadings filed in the cause after it was returned to the trial court.

There on March 14, 1953, the defendants filed a motion for permission to file an amended answer and a cross petition. After a hearing, this motion was sustained. The amended answer was substantially the same as the original answer. In its cross petition the defendants included the allegations of their answer and alleged that the power company had for more than fifteen years been the owner in fee simple and in possession of an undivided one-half interest in the minerals under the tract; that the claim of the plaintiff to the mineral interest was without merit and cast a cloud upon the title of defendant; and that defendant was entitled to have its title quieted.

The prayer of the cross petition was plaintiff recover nothing; that defendant be adjudged to be the owner in fee simple of the described mineral interest and the title of defendant be quieted and the plaintiff or anybody claiming under her be barred. The plaintiff filed a motion asking that defendants be requested to make their answer more definite and certain, when, by whom and in what manner the deed, Exhibit 3, was delivered to plaintiff. This motion was sustained. In response the defendant alleged that it prepared a corrective deed for the purpose of correcting the legal description and for the additional purpose of correcting the mutual mistake in failing to insert the mineral reservation and that it caused such deed to be recorded and delivered it to plaintiff by mail accompanied by a letter; that plaintiff received the letter and deed and had at all times since retained the deed; that at the time of delivery of the corrective deed no new rights had intervened; that the deed was delivered to defendants after consulting with and on advice of counsel and was executed in complete harmony with the agreement of the parties; that the contract had never been altered, modified or abrogated and plaintiff was estopped to deny the validity of the corrective deed and was estopped to assert the title to the tract ever passed from the defendant free and clear of the mineral reservation.

The reply to the separate answer of the power company was a general denial and a specific denial that the defendant placed the corrective deed pursuant to the request of plaintiff and that the deed was ever actually delivered to the plaintiff and the plaintiff pleaded that neither she nor her attorney ever did accept the deed.

The reply further stated that before the deed was placed of record it was presented to plaintiff's attorney and was specifically

rejected by him and notwithstanding this rejection defendant placed it on record and mailed the recorded copy to plaintiff; that this recording and mailing was without the approval, knowledge or consent of the plaintiff and did not constitute delivery in law or in fact. The reply further denied that there was any mutual mistake of fact in the failure to include in the deed, Exhibit 2, a reservation of an undivided one-half mineral interest in favor of defendant and denied that she was estopped to allege and claim that the warranty deed, Exhibit 3, was delivered either in law or in fact to defendant; and alleged that since the mailing of the deed, Exhibit 3, defendant had not changed its position in reliance upon such delivery.

At this point in the litigation plaintiff dismissed her first cause of action, which was for slander of title.

The trial court found generally in favor of the defendant and against the plaintiff. It found further that The Land and Power Company was the owner of an undivided one-half interest in all the minerals under the tract in question for a period of ten years from September 28, 1946, and as long as gas should be produced, and its title should be quieted against claim of plaintiff or anyone claiming under her; that the title of the plaintiff in and to the tract in question, subject only to the reservation in the plaintiff, should be quieted in her. Judgment was entered accordingly.

The plaintiff moved for a new trial on the grounds of abuse of discretion; erroneous rulings; decision given under the influence of passion and prejudice; decision contrary to the evidence; newly discovered evidence; decision procured by the corruption of the party obtaining it; in overruling plaintiff's motion to strike portions of defendant's amended answer; and in overruling plaintiff's demurrer to defendant's evidence. This motion was overruled.

The notice of appeal was from the order overruling plaintiff's demurrer to the evidence of the defendant and cross petitioner and the plaintiff's motion for judgment at the conclusion of the defendant's and cross petitioner's evidence; the finding, judgment and decree of the court finding the power company to be the owner of an undivided one-half interest in the oil in question; and the judgment and decree quieting defendant's title against plaintiff.

The specifications of error were that the trial court erred in finding that the mineral reservation was omitted from the warranty deed of plaintiff, Exhibit 2, through mutual mistake; in failing to hold that the defendant's claim for relief was barred by the statute

of limitations pleaded; in sustaining the second warranty deed, Exhibit 3, which was not delivered or accepted; in failing to sustain plaintiff's demurrer to the defendant's evidence; in failing to sustain plaintiff's motion for judgment in favor of plaintiff and against defendant; in granting judgment in favor of the defendant and against the plaintiff; in holding that the defendant had proved a case for reformation of the first warranty deed, plaintiff's Exhibit 2 by clear and convincing proof.

For a sharply contested action, this one presents surprisingly little of dispute as to the facts.

At the outset, it should be noted there were two Newmans involved. One was Albert L. Newman. He died during the progress of the litigation. His deposition was taken and read at the trial. He had been secretary-treasurer of The Land and Power Company since 1905 or 1906. He was in the hospital when the deed, Exhibit 2, was executed. The other was his son, Albert W. Newman. He was in charge of the office of the company when the deed was prepared and had it prepared. Everyone concedes Exhibit 2 was prepared by the company at its offices and by its employees and contained no mineral reservation; all concede the deed, Exhibit 3, called the corrective deed, was executed by the land company and placed on record by the land company after its attention had been called to a mistake in the description; all agree the original contract provided the tract should be conveyed to the Palmers with the mineral reservation in it, and that the Palmers paid the full purchase price several years before it was due. There is a sharp dispute about whether a different oral contract was entered into between the Palmers and the company when the final payment was made.

Plaintiff commenced her action by alleging the contract, about which there is no dispute; the payment of the amounts due under the contract within about a year of its date; the making of an oral contract at that time, about which there is a sharp dispute; the execution and recording of the deed referred to here as Exhibit 2 without any mineral reservation, about which there can be no dispute; the discovery of a mistake in the description of the tract; the execution and recording of the deed referred to in this opinion as Exhibit 3. She alleged this was done by defendant, knowing it constituted a false and fraudulent claim on the tract.

Defendant met this petition with a general denial and a state-

ment the mineral reservation was omitted from Exhibit 2 by mutual mistake. The answer then contained a paragraph as follows:

"That as a result of such error, mutual mistake and oversight, said deed, referred to as Exhibit 'B', was erroneously and mistakenly prepared, executed, delivered and accepted without such mineral reservation and exception."

There was also an allegation that the so-called corrective deed was given solely for the purpose of correcting a mistake. The reply was a general denial. The prayer was that the plaintiff recover nothing and defendant recover the costs. No affirmative relief was asked. Thus the defendant had the burden of proving the mutual mistake at the first. It did not reach the point, however, because the lower court sustained defendant's demurrer to plaintiff's evidence on the apparent ground of no consideration and that the contract was controlling. When we returned the action to the district court for another trial defendant realized apparently it must get rid of the deed, Exhibit 2, before it could hope to succeed. Hence it filed its cross petition more than five years after the first deed was executed on August 6, 1944, and when it was recorded on September 15, 1947. We shall speak of that later.

First, defendant must meet the burden of proving that the first deed, Exhibit 2, was the result of a mutual mistake. The mistake must be more than a matter of one party. It must be mutual. See *Reeder v. Gorsuch*, 55 Kan. 553, 40 Pac. 897; *Kansas Amusement Co. v. Maryland Casualty Co.*, 126 Kan. 354, 267 Pac. 968; and *New York Life Ins. Co. v. Dickensheets*, 165 Kan. 159, 193 P. 2d 649.

In the absence of fraud or inequitable conduct of the other party the proof must show both parties were mistaken. See *Hough v. Munford*, 160 Kan. 572, 164 P. 2d 92; and *Jones v. Crowell*, 164 Kan. 261, 188 P. 2d 908. There is not even an allegation that the Palmers were guilty of any fraud or inequitable conduct.

The evidence of Albert W. Newman proved beyond a doubt that the company and its employees only made the mistake, if any was made. There is no evidence whatever that the Palmers made any mistake. Hence the general finding of the trial court, which imported a finding that the deed was the result of a mutual mistake, must fall since the uncontradicted evidence is the other way, that is, that if any mistake was made, it was the mistake of defendant and of it alone.

We are not violating our well known rule that we will not weigh evidence when a cause is here on appeal. We are following our

equally well recognized rule that when all the undisputed evidence is to a certain effect, then the question is one of law and not of fact. See *Furst v. DeWitt*, 145 Kan. 300, 65 P. 2d 567.

This would in and of itself require a reversal of the judgment and judgment for plaintiff since it requires a holding that the trial court erred in refusing to sustain plaintiff's demurrer to defendant's evidence.

We come next to the argument of plaintiff that the defendant's effort to have the deed, Exhibit 2, set aside was barred by G. S. 1949, 60-306. This requires an examination of what took place at the two trials. After the judgment in the first cause of action was reversed defendant apparently realized for the first time that it must get rid of the deed, Exhibit 2. Hence its cross petition, in which it for the first time asked for affirmative relief. It asked for it, however, more than five years after the deed was executed or recorded. The statute of limitations, to which reference was just made, provides that an action to reform a deed or to correct a mistake in conveyance must be brought within five years. See *Travis v. Glick*, 150 Kan. 718, 6 P. 2d 624; *Foster v. Allen*, 159 Kan. 116, 152 P. 2d 818; *Regier v. Amerada Petroleum Corp.*, 139 Kan. 177, 30 P. 2d 136; and *Collins v. Richardson*, 168 Kan. 203, 212 P. 2d 302.

It is clear the cross petition was filed too late. Defendant met this by arguing the cross petition was an action to quiet title and the statute does not run against such actions. While the relief asked for in the defendant's cross petition was in the nature of a suit to quiet title, still in order that defendant's title might be quieted the deed, Exhibit 2, must be reformed by striking from it the reservation. Under such circumstances, we will treat the action as one to reform a deed. (See *Fox v. Flag Oil Corporation*, 179 Kan. 781, 298 P. 2d 260.) It follows the cross petition was filed too late.

We have demonstrated that deed, Exhibit 2, is a valid, unassailable conveyance of the tract in question. The subsequent deed, Exhibit 3, it follows is of no force and effect whatever except insofar as it corrected the description of the land.

The judgment of the trial court is reversed with directions to enter judgment quieting plaintiff's title to the tract in question.