(633 P.2d 1151)
No. 51,548

RAYMOND R. SCHULTE and HENRIETTA H. SCHULTE, husband and wife, *Appellants and Cross-appellees,* v. KENNETH L. FRANKLIN, *Appellee and Cross-appellant.*

Opinion filed August 21, 1981.

Selby S. Soward, of Goodland, for appellants and cross-appellees.

Robert J. Lewis, Jr. and H. Scott Beims, of Lewis, Lewis & Beims, of Atwood, for appellee and cross-appellant.

Before FOTH, C.J., REES and SWINEHART, JJ.

REES, J.: In this action brought for possession of land founded upon claim of ownership, plaintiffs appeal from a judgment holding the warranty deed given them by defendant Kenneth Franklin dated June 3, 1977, was an equitable mortgage and ordering foreclosure. Plaintiffs also complain of the trial court ruling that certain charges and fees contained in a contemporaneous agreement were usurious. Defendant cross-appeals from that part of the judgment prohibiting his invocation of the usury penalties provided by statute, K.S.A. 1980 Supp. 16-207(*d*).

As correctly stated by plaintiff, evidence offered to show a deed was understood and agreed to be a mortgage must be clear and convincing. Clear and convincing evidence means simply that witnesses to a fact must be found credible. The facts to which the witnesses testify must be distinctly remembered; details must be narrated exactly and in order; the testimony must be clear, direct and weighty; and the witnesses must be lacking confusion as to the facts at issue. *Nordstrom v. Miller,* 227 Kan. 59, 65, 605 P.2d

545 (1980). This standard of proof refers to the quality of the evidence (*Hoyer v. Cannedy,* 4 Kan. App. 2d 228, 229, 604 P.2d 76 [1979]) and is for the guidance of the trial court. On appeal we assume the trial court knew of and applied the rule. *Klusmire v. Dixon,* 150 Kan. 871, 875, 96 P.2d 634 (1939). We are guided also by the principle of appellate review that findings of fact supported by evidence possessing something of substance and relevant consequence will not be set aside on appeal. *Berger v. Bierschbach,* 201 Kan. 740, 744, 443 P.2d 186 (1968).

If the purpose and intent of a transaction is to secure a debt, equity will look through form to the substance of the transaction and give effect to that purpose and intent. A lien follows if evidence of facts surrounding the transaction discloses the intent to charge property as security for an obligation. *Fuqua v. Hanson,* 222 Kan. 653, 655-656, 567 P.2d 862 (1977).

Upon examination of the record, we find sufficient evidence to support the findings of the trial court. There was testimony by defendant and his ex-wife, Annette Franklin, unsuccessful offerors to buy, and even plaintiff Raymond Schulte that the underlying purpose of the complex transaction was not sale and purchase of the land but instead the advancement of money to defendant for his immediate payment of divorce judgment obligations.

We are mindful of the decision in *Reeder v. Gorsuch,* 55 Kan. 553, 40 Pac. 897 (1895), cited to us by plaintiffs, wherein it was held that to construe a deed as a mortgage it must be found that both grantor and grantee considered the conveyance to be as security for a debt. Plaintiffs take the position there is no direct evidence in the present case establishing that to have been their intent. Plaintiffs read *Reeder v. Gorsuch* too literally. Intent by the grantee that title to the property pass as security for a debt need not be shown by direct evidence from the grantee, but may be gleaned from the circumstances surrounding the conveyance. *Fuqua v. Hanson,* 222 Kan. 653. Those circumstances in this case—defendant's desperate need for cash, his insistent refusal to sell to others, provisions in the agreement for repurchase, and the security agreement executed by the parties—support the finding that the parties intended this conveyance to operate only as a mortgage. We can find nothing compelling a contrary conclusion.

As to the ruling that certain identified fees and charges imposed

upon defendant for repurchase of his land were usurious, we must agree with the trial court.

At the time the transaction documents were executed, the statute prohibiting the assessment of usurious interest, K.S.A. 1977 Supp. 16-207, provided in part:

"(*a*) The parties to any bond, bill, promissory note, or other instrument of writing for the payment or forbearance of money may stipulate therein for interest receivable upon the amount of such bond, bill, note or other instrument of writing, at a rate not to exceed ten percent (10%) per annum unless otherwise specifically authorized by law."

The trial court found plaintiffs were not authorized to assess more than a 10% per annum interest charge upon the money loaned. Plaintiffs now point to subsequent change in K.S.A. 16-207 which raised the legal ceiling for interest to 11% (L. 1978, ch. 72, § 1; K.S.A. 1979 Supp. 16-207[*a*]), and ask this court to allow the collection of the higher rate. This we cannot do.

It is a general rule that the validity, construction, effect and execution of a contract are governed by the law in existence at the time it is made. 17 Am. Jur. 2d, Contracts § 257. See also *Ark. S&L Assn. v. Mack Trucks of Ark.,* 263 Ark. 264, 566 S.W.2d 128 (1978) (a statute raising interest ceilings is not applicable to contracts entered into prior to the effective date of the statute). Once the trial court construed the conveyance to be a mortgage, it was obliged to characterize as usurious those fees and charges in excess of the 10% maximum allowed by law at the time of the transaction. The trial court found a $50,000 payment, crop share payments and rate of interest charges exceeding 10% were charges assessed against the borrower which resulted in a greater return to the lender than authorized by law and hence were usurious. K.S.A. 1978 Supp. 16-207(*a*). This finding cannot be assailed.

Finally, defendant asserts that he should be awarded those statutory penalties provided in K.S.A. 1978 Supp. 16-207(*b*) (now K.S.A. 1980 Supp. 16-207[*d*]). We agree.

K.S.A. 1980 Supp. 16-207(*d*) provides:

"(*d*) Any person so contracting for a greater rate of interest than that authorized by this section shall forfeit all interest so contracted for in excess of the amount authorized under this section; *and in addition thereto shall forfeit* a sum of money, to be deducted from the amount due for principal and lawful interest, equal to the amount of interest contracted for in excess of the amount authorized by this section and such amounts may be set up as a defense or counterclaim in any action

to enforce the collection of such obligation *and the borrower shall also recover* a reasonable attorney's fee." (Emphasis added.)

The trial court held, in conclusion of law No. 17:

"17. Where a party asks a Court to declare a deed to be in effect a mortgage, he may be required, as a condition to receiving such equitable relief, to forego the advantage of any statutory penalties for the exaction of usury, and submit to a charge of the principal of the debt and legal interest."

This finding is taken verbatim from language found in *Live Stock Co. v. Trading Co.*, 87 Kan. 221, Syl. ¶ 5, 123 Pac. 733 (1912). After study of *Live Stock Co.* and various writings on equity jurisprudence, we conclude defendant is entitled to exercise the penalty provisions of K.S.A. 1980 Supp. 16-207(*d*), notwithstanding the facially contrary language in *Live Stock Co.*

Courts have long adhered to the maxim that he who seeks equity must do equity. Application of this rule to facts not unlike the present case is found in 3 Pomeroy's Equity Jurisprudence § 937, p. 719 (5th Ed. 1941):

"It is a firmly settled rule, in the absence of contrary statutes, that where a borrower, who has not already paid the debt, brings a suit for affirmative relief against a usurious contract, he can obtain the remedy only upon the condition of repaying, or offering to repay, the sum which is justly and equitably due his creditor,—the amount actually loaned and legal interest."

Defendant did not bring suit for relief; the equitable mortgage and usurious interest issues were raised in defense against plaintiff's action for possession. Thus, the historical impediment to a claim for statutory usury penalties is inapplicable (see 1 Storey's Equity Jurisprudence § 424 [14th Ed. 1918]), and renders *Live Stock Co.* distinguishable. We conclude that in this case, K.S.A. 1980 Supp. 16-207(*d*) requires the assessment of penalties for the usurious interest charges. The trial court erroneously denied defendant this relief.

We affirm the rulings of the trial court that the deed was an equitable mortgage and that the identified fees called for by the transaction were usurious. We reverse the ruling denying defendant's request for recovery of statutory penalties. We direct invocation of the penalty provisions of K.S.A. 1980 Supp. 16-207(*d*) by the grant of setoff against the judgment debt and by an award to defendant of a reasonable attorney fee to be fixed by the trial court.

Affirmed in part, reversed in part and remanded with directions.