MR. JUSTICE SHEA,
dissenting:
I dissent. I do not believe the testimony of the attorney established the existence of an oral contract not to revoke dispositive provisions of mutual wills by clear, cogent and convincing evidence.
We recognized oral contracts not to revoke a will before adopting the Montana Uniform Probate Code. Sanger v. Huguenel (1922), 65 Mont. 236, 211 P. 349. However, we have consistently regarded them with disfavor and require *256 proof by clear, cogent and convincing evidence established by the testimony of disinterested witnesses.
Other jurisdictions have defined clear and convincing:
“Clear and convincing means simply that witnesses to a fact must be found credible; facts to which witnesses testify must be distinctly remembered, details must be narrated exactly and in order, testimony must be clear and direct and weighty and witnesses must be lacking in confusion as to facts at issue.” Schulte v. Franklin (1981), 6 Kan.App.2d 651, 633 P.2d 1151. “The phrase ‘clear and convincing’ characterizing evidence required to support an oral contract for a devise or legacy serves as a strong admonition to the trier of fact to bear in mind that the deceased is not available and that those supporting the claim are limited only by their own conscience and practiced eye and ear of the trial judge.” Edwards v. Sentell (1968) 282 Ala. 48, 208 So.2d 914.
By either of these definitions, the evidence fails to meet the standard.
The trial court refused to grant summary judgment for either party because of concern for the conclusory statements in the drafting attorney’s affidavit. The affidavit provides no factual basis to support the assertion of an agreement between Mary and Peter Lazetich not to revoke dispositive provisions of their mutual wills.
The hearing failed to resolve the question of exactly what was said nor did it resolve the question of why the attorney prepared and witnessed the later will knowing it was contrary to alleged oral contract. The attorney’s testimony at the hearing did not provide clear and convincing answers to these questions. His best answer to the question of exactly what was said was to reply, “[t]hey understood that (the wills could not be changed). They said that’s the way they wanted it to be and pledged that to each other in my presence.” The attorney was asked about the agreement several times, and his replies varied in degree of uncertainty. He never made a clear and convincing response to the ques *257 tions of exactly what was said. Although the attorney’s testimony may show some kind of past intention of the parties, it still falls short of clear and convincing evidence of the mutual assumption of a contract obligation.
The trial judge’s finding that an oral agreement was made leaves open the question of the exact terms of the agreement. Although the trial judge enforced only a single clause of Mary Lazetich’s 1966 will, we do not know whether the agreement not to revoke was exclusive to justify that provision of the will, or whether she had contracted not to revoke the entire will. An agreement not to revoke the entire will would be enforceable because no copy of the 1966 will has produced at trial. We have only a single clause of that will as part of the trial and appellate record. In fact, a fair inference from the attorney’s testimony (quoted in the majority opinion) is that the entire will was considered irrevocable rather than the one clause at issue here. If this is so, failure to produce full copies of the 1966 will would be fatal to the plaintiffs’ case.
The attorney testified that he had no notes of his conversations with Peter and Mary Lazetich at the time the wills were discussed and prepared in 1966. He testified from memory that Lazetiches had a specific agreement and were totally in accord with one another. But that testimony is inconsistent with the fact that he personally drafted and witnessed one of Mary Lazetich’s later wills. This will changed the dispositive scheme and revoked her 1966 will. A valid oral contract not to revoke the 1966 will would invalidate the later will, yet the attorney prepared and witnessed the will. The attorney did not distinctly remember facts, the details were not exact and in order, and the testimony was not clear and direct. I remain unconvinced that the evidence meets the standard of clear, cogent and convincing.
I would rule as a matter of law the evidence is insufficient to establish an oral contract between Mary and Peter Lazetich not to revoke the provision of their 1966 mutual will *258 distributing their stock in the family corporation. I would reverse the trial court.