JOHN C. DOUGLASS V. WILLIAM SARGENT AND LEWIS H. SARGENT, *Partners as Sargent & Brother.*

DUE-BILL—*Action Barred.* A due-bill or contract in the following terms: "LEAVENWORTH CITY, October 22d, 1873.—Due J. C. Douglass five hundred dollars, in brick-work at ten dollars per thousand, measured in the usual way.—[Signed] SARGENT & BRO.," is payable at once and without demand, so that the statute of limitations runs from its execution; and an action thereon against the makers is barred by the statute if not brought within five years after its date.

### Error from Leavenworth District Court.

ACTION by *Douglass* against *Sargent & Brother*, to recover $500 with interest from July 15, 1882. The defendants demurred to the petition on the ground that it does not state facts sufficient to constitute a cause of action against them, and because the supposed cause of action is barred by the statute of limitations. At the December Term, 1883, the court sustained the demurrer, and adjudged that defendants go hence without day, and recover of plaintiff their costs. *Douglass* brings the case here.

*H. B. Thomas*, for plaintiff in error.

*Lucien Baker*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The only question in this case is, whether the due-bill or written contract executed by the defendants to the plaintiff was barred by the statute of limitations when the action was begun. It is in the following terms:

"LEAVENWORTH CITY, October 22d, 1873.
"Due J. C. Douglass five hundred dollars, in brick-work at ten dollars per thousand, measured in the usual way.
[Signed] SARGENT & BRO."

No demand was made until July 14, 1882. The action was commenced Nov. 27, 1883, more than ten years after the date of the note, and less than one year after plaintiff demanded of the defendants the performance of the work which

they had promised. The claim of plaintiff is, that there was no breach of the due-bill or contract until the demand of July 14, 1882; that the cause of action did not accrue until there was a breach, and that the statute did not begin to run until the cause of action had accrued.

The position that the cause of action did not accrue until the demand, is not tenable. The note or contract was due immediately; therefore it was payable at once and without a demand. The statute began to run from its delivery. To escape the bar of the statute of limitations, the action must have been brought within five years after the cause of action accrued. (Code, § 18, subdiv. 1.) As the statute of limitations began to run from the date of the note or contract, the action was barred long before it was commenced, and therefore the ruling of the district court must be affirmed.

The case of *Auld v. Butcher*, 22 Kas. 400, is not applicable. That was an action for the wrongful conversion of a city bond —a case of pledge or trust in which a demand was necessary. Here, on the face of the due-bill sued upon, the defendants owed the plaintiff five hundred dollars in brick-work at the date thereof. The obligee in the contract was bound to receive performance of the work whenever offered, whether before or after it was specially demanded by plaintiff. Upon contracts of the kind sued upon, it would not do to say that the statute does not begin to run until after demand. As a demand is optional with the creditor, no performance or tender could be made which would bind him, and he could keep the due-bill or contract alive for an indefinite period. Such a construction would not carry out the intention of the parties. (*Palmer v. Palmer*, 36 Mich. 487, and cases cited; *Herrick v. Woolverton*, 41 N. Y. 581; *Wheeler v. Warner*, 47 id. 519; *Stover v. Hamilton*, 21 Gratt. 273; *Bowman v. McChesney*, 22 id. 609.)

The judgment of the district court will be affirmed.

All the Justices concurring.