No. 23,330.

H. W. TIMMONDS, *Appellee*, v. WILLIAM F. MESSNER et al.,
*Appellants*.

SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE—*Parties Nonresidents—Statute of Limitations—
   What Law Governs.* In an action to foreclose a mortgage in which the
   parties were nonresidents and the defense was that it was barred by
   the statute of limitations, it is held: first, that the limitation law of
   the state in which the makers of the note and mortgage resided at the
   time the cause of action arose thereon, controls; second, that the mort-
   gage is only an incident of the note and when the note is barred the
   mortgage is likewise barred; third, that in the absence of a statute of
   the other state, making absence from the state an exception to the
   operation of the statute of limitations, such absence does not suspend
   the running of the statute.

2. SAME—*Death of Debtor—How Long Operation of Statute of Limita-
   tion is Suspended.* The death of a debtor does not suspend the opera-
   tion of the statute longer than to give the creditor a reasonable time
   and opportunity to procure the appointment of an administrator of
   the deceased debtor's estate.

3. SAME—*Affidavit Used as Deposition Proper Evidence.* Under the cir-
   cumstances stated in the opinion, it is held that an affidavit used as a
   deposition was evidence in the case and warranted the consideration of
   the same by the court.

Appeal from Greeley district court, ALBERT S. FOULKS,
judge. Opinion filed July 9, 1921. Reversed.

*W. M. Glenn,* of Tribune, for the appellants.

*J. N. Haymaker,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a foreclosure proceeding. A
promissory note was executed August 14, 1907, by William F.
Messner, Charles Messner and Augusta Messner, for $1,050,
payable five years after date to J. G. Petgen, and a mortgage of
the same date on land in Kansas was executed to secure it.
Both were executed in Missouri. Petgen died in 1915, and the
note and mortgage were assigned to Timmonds who was also a
resident of Missouri. On July 10, 1919, the action of fore-
closure was begun, the plaintiff alleging the execution of the

note, the assignments to plaintiff, that the makers and payee were residents of Missouri when the papers were made, and that the statute of limitations of Missouri was ten years from the maturity of the notes.  On publication notice a default judgment was rendered on the note and mortgage in the district court of Greeley county.  The land was sold under the judgment on October 6, 1919, subject to a six months' equity of redemption.  On March 27, 1920, a motion was made by the children and heirs of Charles Messner, who had previously died, to open up the judgment, and William F. Messner subsequently joined in this motion.  An answer to the petition was filed alleging that the action was barred by the statute of limitations of Kansas.  At the same time upon the application of the defendants, a restraining order was issued to prevent the sheriff from executing a deed.  Upon a motion of plaintiff the restraining order was dissolved on July 19, 1920.  The court at that time granted permission to the defendants to file an amended answer which was immediately filed and in which they alleged that the action was barred by the statute of Colorado.  Among other things it was alleged that Charles Messner died in Colorado before the maturity of the note; that William F. and Augusta Messner were residents of Colorado at the maturity of the note; that under the laws of Colorado an action is barred in six years after maturity; and that more than six years had elapsed before the action was begun, and therefore the bar of Colorado had run.  There was also a claim that the action was not brought in the name of the real party in interest.  At the trial the burden of proof was placed upon the defendants.  There was evidence to the effect that William F. Messner was a resident of Colorado when the note matured; that Charles and Augusta Messner moved from Missouri to Colorado in 1908 and resided there until he died on April 24, 1912, about four months before the maturity of the note; and that Augusta lived in Colorado until 1913, when she moved to Minnesota, and died there in 1917.  There was testimony that no money was paid on the note to J. G. Petgen after August 14, 1912, nor for a long time before that.  A witness testified that he was acquainted with the laws of Colorado and that under those laws the limitation upon a promissory note is fixed at six years from maturity, or from the last payment on the note,

and that the statute is not tolled by absence from the state. The defense mainly relied upon was the statute of limitations. The debt matured on August 14, 1912, and the action was not begun until more than seven years after that time. While the note and mortgage were executed in Missouri by residents of that state, and the payee also resided there, the makers, it appears, resided in Colorado when the note matured and when a cause of action thereon arose. It is immaterial where the note was executed, as the law of the state in which the makers resided when the cause of action arose controls. (*Bruner v. Martin*, 76 Kan. 862, 93 Pac. 165; *Land Co. v. Bassett*, 85 Kan. 48, 116 Pac. 475.) Nor does the fact that land was mortgaged as security for the payment of the note affect the starting or running of the statute of limitations. The mortgage is only an incident of the note and when the note is barred, the mortgage is likewise barred. (*Schmucker v. Sibert*, 18 Kan. 104; *Kulp v. Kulp*, 51 Kan. 341, 32 Pac. 1118.) As the cause of action arose in Colorado and as the statute of that state prescribed a limitation of six years on obligations of the character in suit, the bar of the statute had fallen before the action was brought unless absence of the makers from the state tolled the statute. It appears that William F. Messner and Augusta Messner did go to Minnesota about a year after the cause of action arose and under the rule of our statute, if it were applicable, their absence would have stopped the running of the statute. However, all of the testimony offered on the subject was to the effect that under the laws of Colorado absence from the state does not interrupt the running of the statute, and the court cannot read an exception into it. Under section 21 of the civil code, where a cause of action arises in another state between non-residents of this state and is barred by the laws of the state under which it arose, no action can be maintained thereon in this state.

As to Charles Messner who died just before the cause of action accrued, it was shown that he had lived in Colorado for a number of years and that no administration of his estate was had. His death would suspend the statute, but only for a brief time. It has been held that the suspension would only be for such a period as would afford the creditor an opportunity to have an administrator appointed. The law of Colorado re-

specting the appointment of an administrator was not shown and therefore it must be presumed to be the same as our own. The plaintiff could not extend the period of limitation by delay in taking appropriate action to secure the appointment of an administrator for the estate of the deceased debtor, and as this may be accomplished in about fifty days, it is clear that the bar must have fallen as to his estate and to those claiming under him. (*Bauserman v. Charlott*, 46 Kan. 480, 26 Pac. 1051; *Kulp v. Kulp*, supra; *Black v. Elliott*, 63 Kan. 211, 65 Pac. 215; *Brown v. Baxter*, 77 Kan. 97, 94 Pac. 155; *Crow v. Hartzler*, 103 Kan. 800, 176 Pac. 651; *Bauserman v. Blunt*, 147 U. S. 647.)

It is further contended by the plaintiff that the evidence was insufficient to establish the defense that was made, and particularly as to an affidavit of William F. Messner which was used as a deposition. It is said that the affidavit should not have been received or considered because the requirements of section 350 of the civil code as to service of the same were not followed. It was served upon an attorney in the office of the attorney of record, who acknowledged the service of it as an attorney for the plaintiff. Shortly afterwards a motion was filed in the case signed in the partnership name as attorneys for plaintiff, which included the name of the attorney who acknowledged service of the notice. The day following the filing of the affidavit the attorney, signing the acknowledgment of service, served a notice upon the person who made the service and who had no connection with the case as party or attorney, that plaintiff desired to cross-examine the affiant. No cross-examination was had but the affidavit was received. The record does not show a specific objection to the affidavit, but it does recite that at the opening of the defense an objection was made to the introduction of any testimony on the part of the defendants for the reason that the facts alleged did not constitute a meritorious defense to plaintiff's claim. It is stated in the journal entry that the court reserved its decision on the objection made and proceeded with the trial of the case. No further reference is made to the objection, but it is recited that the court after hearing the evidence of both parties, proceeded to render judgment in favor of the plaintiff. The evidence was certainly brought before the court. No application was after-

wards made to strike it out. Evidently it was given considera-
tion by the court. Even if the general objection made at the
opening of the defense covered the objection now insisted on
as to the admission of the affidavit, which may well be doubted,
the plaintiff did not bring the matter again to the attention of
the court, and has not presented a cross appeal from the ruling
receiving the evidence or for failing to sustain his objection to
the evidence. It must therefore be treated as evidence in the
case as it was treated in the trial court.

Upon the evidence in the record the court was not warranted
in upholding the default judgment which had been opened up
or in confirming the proceedings taken under that judgment.
The judgment rendered will therefore be reversed, and the
cause remanded for further proceedings in accordance with the
opinion expressed herein.