Stone v. Barr.

---

No. 23,888.

J. E. STONE, *Appellant,* v. S. H. BARR, as Administrator of the Estate of JOHN TODD, Deceased, *Appellee.*

SYLLABUS BY THE COURT.

PLEADINGS—*Petition—Allegations of Contemporaneous Oral Contracts Varying Terms of Promissory Notes Properly Stricken Out.* It is not error to strike from a petition allegations concerning oral contracts pleaded to avoid the effect of the statute of limitations where evidence cannot be received to prove one of those contracts because it adds to, varies, alters, and contradicts the terms of a contemporaneous or subsequent written instrument concerning which the oral contract was made, and the other contract cannot be proved for the reason that it is required to be in writing by section 23 of the code of civil procedure.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 8, 1922. Affirmed.

*Charles D. Shukers, W. N. Banks, O. L. O'Brien,* and *W. L. McVey,* all of Independence, for the appellant.

*Charles D. Welch,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, in two counts, sued upon a written guaranty of John Todd, deceased, on two promissory notes executed by the Caney Glass Company, a corporation, one for $7,000 and the other for $5,000. One note was guaranteed by S. M. Porter, John Todd, H. Bradley, and John Ziegenfuss, and the other one was guaranteed by S. M. Porter, John Todd, J. E. Stone, H. Bradley, and John Ziegenfuss. The plaintiff appeals from an order striking out certain allegations of his petition.

The first count of the petition declared on the $7,000 note, and the second count on the $5,000 note. The parts struck out of the first count were as follows:

"5. That at the time of the execution and delivery of each of said notes, it was the verbal understanding between plaintiff, said Glass Company, and the said endorsers and guarantors, Porter, Todd, Bradley, and Ziegenfuss, that said funds, the proceeds of said note, should be used by the said corporation for a considerable and indefinite period, and until repayment thereof should be actually demanded by plaintiff.

"6. Plaintiff further states that The Caney Glass Company, a corporation, for whose benefit said note was given in addition to the indebtedness mentioned in this petition, owed a large amount of other debts, partly in open account and partly evidenced by outstanding notes of the company; that on or about the 15th day of September, 1914, the plant belonging to said company at Caney, Kansas, was sold and the proceeds from said sale applied upon the payment of said indebtedness. That after said proceeds had been so applied, there yet remained a large indebtedness against said company in addition to that evidenced by the notes referred to in this petition. That on or about the time of said sale and after it had been determined what the total obligations of said company were, Todd, Porter and Stone entered into a verbal agreement concerning the payment of said indebtedness and also concerning the payment of the indebtedness evidenced in the notes referred to in this petition; that it was mutually agreed at said time by the said John Todd, S. M. Porter and J. E. Stone that the balance of said outstanding indebtedness of the Caney Glass Company above referred to should be taken up and paid as the same should become due and payable and that the said Todd, Porter and Stone would each pay a one-third (⅓) of said remaining outstanding indebtedness. It was also agreed between said parties that the note in favor of J. E. Stone above referred to as exhibit "B" should not be paid until all of said other outstanding indebtedness had been paid; that said note should continue to draw interest at the rate mentioned in said note, but that the said J. E. Stone would not demand payment of said note and that said note should not be paid or any part thereof or the interest thereon until all of said other outstanding indebtedness had been paid according to the agreement above referred to. And it was also mutually agreed between

said parties that after the other outstanding indebtedness had been taken up and paid, as above set out, that the note of J. E. Stone above referred to would be taken up and paid in full by the said S. M. Porter and John Todd.

"7. Plaintiff further states that the parties to said agreement, to wit: S. M. Porter, John Todd, and J. E. Stone, proceeded to, and did carry out said agreement, in this, to wit, that the said J. E. Stone proceeded to and did pay off upon the other outstanding indebtedness of said company after the time of said agreement about Five Thousand Two Hundred Forty and Forty-one Hundredths ($5,240.41) Dollars, and the said S. M. Porter paid thereon about Five Thousand ($5,000.00) Dollars and the said John Todd paid thereon about Four Thousand ($4,000.00) Dollars, and that all of said indebtedness was cleaned up and the last payment made thereon on or about the 27th day of July, 1918; that in accordance with said agreement the said J. E. Stone did not demand payment of said note, and no part or portion of said note was paid and no payment made thereon.

"8. Plaintiff further states that by reason of the facts above stated there was an understanding between the said J. E. Stone, S. M. Porter and John Todd, and there was an assurance given by the said John Todd to the said J. E. Stone that demand should not be made for the payment of said indebtedness, or suit brought thereon until such a time as the mutual accounts of said parties, above referred to, should be settled, and that the said J. E. Stone relied upon such assurance and understanding and did not bring an action on said note, or present the same for payment until the time and times stated herein, and until the filing of this claim in the Probate Court, and that but for this agreement and understanding, above referred to, a demand would have been made for the payment of said indebtedness, and if said indebtedness had not been paid, suit would have been brought thereon immediately; that by reason of said facts, above stated, the said S. H. Barr, administrator of the estate of John Todd, deceased, is estopped from setting up the statute of limitations as a defense in this action, and is estopped from setting up as a defense in this action to the payment of this indebtedness, that said agreement was verbal and was not in writing."

The parts struck out of the second count of the petition were paragraphs three and four, part of paragraph five, and all of paragraph six. Paragraph three of the second count was as follows:

"That it was verbally understood by and between plaintiff and the other indorsers upon said note, to wit, said Porter, Todd, Bradley and Ziegenfuss that plaintiff would be repaid by said indorsers the amount of money which he had advanced in the payment of said note, and interest thereon, and that at numerous times, the exact dates of which plaintiff cannot give, said verbal understanding between said parties as to said indebtedness was affirmed, and the verbal promise of said indorsers to repay the same, verbally renewed, but plaintiff cannot give the words spoken nor the exact dates when spoken, but it was verbally agreed between said parties that the said money so advanced by the said plaintiff would not be repaid for a considerable and indefinite period."

Paragraph four of the second count was substantially the same as paragraph six of the first count, and paragraph six of the second count was substantially the same as paragraph eight of the first count. From paragraph five of the second count were struck all allegations relating to the verbal agreement between J. E. Stone, John Todd and S. M. Porter. They were stockholders in the Caney Glass Company.

These allegations were made for the purpose of showing that the statute of limitations had not run on the plaintiff's causes of action against John Todd. The question presented to this court is: Were these allegations properly struck out of the petition?

The purpose for which they were pleaded is immaterial. They were properly struck out if evidence could not be introduced to prove them. The defendant urges that the verbal agreements made at and previous to the time of signing the guaranties on the notes were properly struck out for the reason that they altered, added to, modified, and contradicted the terms of the notes and the written guaranties thereon, and that the agreements made subsequently to the execution of the notes and the signing of the guaranties were unenforceable under the statute of frauds because they constituted agreements to pay the debts of another and were not in writing. A further objection urged against those later agreements is that they cannot be proved because they were not in writing as required by section 23 of the code of civil procedure.

The contention of the plaintiff is that each of the oral contracts was independent of the contracts contained in the notes and the guaranties thereon; that they were made upon sufficient consideration; and that therefore they can be proved. Whether or not the contracts made at the time the notes were executed and the guaranties signed were made upon sufficient consideration is wholly immaterial because the effect of these contracts is to change the terms of the contract set out in the notes and in the guaranties thereon. Those contracts cannot be proved under the well-established rule of law that the terms of written contracts cannot be altered, added to, changed, or varied by a parol agreement made at or prior to the time of the execution of the written contracts. (*Bank v. Staab,* 102 Kan. 369, 171 Pac. 3.)

The notes were the notes of the Caney Glass Company and evidenced debts of that company, but the guaranties signed by John Todd and the others with him were their obligations. Concerning

these obligations the guarantors, with the holder of the notes, could make a subsequent binding oral agreement concerning the payment of the obligations evidenced by the written guaranties and not violate any provision of the statute of frauds, with this possible exception, that if the subsequent oral agreement were not to be performed within one year from its making, the agreement would be in violation of section six of the statute of frauds, section 4889 of the General Statutes of 1915. *But,* such an agreement would not stop the running of the statute of limitations because of section 23 of the code of civil procedure, which reads:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

This then is the situation: Two oral contracts are pleaded for the purpose of tolling the statute of limitations; one of the contracts cannot be proved in any event, and the other one does not affect that statute.

It is argued that because the notes were made payable "on demand after date," a cause of action could not accrue until demand for their payment was made. This argument is contrary to the weight of authority, which holds that a note payable on demand is due immediately, and that an action can be brought on it at once without demand other than suit. (8 C. J. 406.) Ruling Case Law uses the following language:

"Where an obligation to pay is absolute and present, the only element not fixed with certainty being the time of payment, as that is at the option of the creditor, and the debtor must be prepared *eo instante,* the statute begins to run at once. So though it has been held that the statute of limitation on notes payable on demand does not commence running until the day after that on which such notes bear date, yet the rule seems to be well settled that the statute begins to run at once from the date of the instrument, as payment can be immediately demanded, and an actual demand is not necessary to complete the cause of action, the commencement of a suit being a sufficient demand. Within the operation of this general rule are held to be notes payable 'when called for,' or 'on demand after date,' it being declared that the latter expression is analogous to the words 'with interest after date' and indicate no intention that the note is not payable immediately." (17 R. C. L. 769. See, also, 14 Ann. Cas. 808.)

The statute of limitations commenced to run on these notes not

later than the day after their date. At that time, an action could have been commenced to enforce their payment.

The allegations struck from the petition could not avoid the effect of the statute of limitations. The court did not commit error in striking those allegations out.

The judgment is affirmed.