No. 36,346

W. C. DICKEY, Administrator with the Will Annexed, *de bonis non,* of the Estate of Philip Schwebach, deceased, *Appellant,* v. SUSIE WAGONER, a Widow, et al., *Appellees.*

(160 P. 2d 698)

Opinion filed July 7, 1945.

*Ray C. Sloan,* of Hoxie, and *C. H. Simon,* of Leoti, were on the briefs for the appellant.

*W. H. Clark,* of Hoxie, *W. S. Langmade* and *Wallace T. Wolfe,* both of Oberlin, were on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This action was commenced to establish liability on six promissory notes and to foreclose a real estate mortgage. The plaintiff was unsuccessful and appeals from the judgment which denied him relief on the ground the notes were barred by the statute of limitations.

On August 22, 1925, Nick and Susie Wagoner, who were husband and wife, and were residents of Sheridan county, Kansas, borrowed $6,000 from Mrs. Wagoner's father, Philip Schwebach, who was living in Houston county, Minnesota. To evidence the indebtedness the borrowers executed six separate promissory notes for $1,000 each, bearing interest at the rate of five percent per annum. One of such notes matured August 22, 1926, and one each succeeding August 22, the date of maturity of the last note being August 22, 1931. Such notes were secured by a mortgage on a half section of real estate located in Sheridan county, Kansas, which the Wagoners had recently purchased from Mr. Schwebach.

No necessity exists for a detailed recital of allegations to be found in the pleadings or of the evidence relating to transactions had between the interested parties from the date of the execution of the notes and mortgage sued on up to the 14th day of May, 1940, the date on which this action was commenced. It is conceded the plaintiff is the representative of Mr. Schwebach, who died in December, 1927, and has legal capacity to maintain the action. It is admitted the notes in controversy were barred by the statute of limitations (G. S. 1935, 60-306) unless the defendant, Susie Wagoner, actually made payments thereon in the early part of 1935 or that endorsements placed on such instruments on the 15th day of June, 1935,

and showing such payments were made as of June 15, were authorized by her at that time. The case was submitted to the trial court on that issue. After an extended hearing it decided and held that no payments had been made by Mrs. Wagoner, as alleged by plaintiff, that the credit endorsements appearing thereon had not been authorized by her and that therefore the notes were barred by the statute.

Appellant's principal contention is that the judgment is contrary to law and not supported by the evidence. We turn to the record for the purpose of ascertaining whether there is sound basis for his position. When carefully examined it discloses testimony from which the trial court could have found payment as well as ratification of the credit endorsements. The difficulty is that it discloses other testimony to the contrary just as convincing. Mrs. Wagoner testified positively that she had made no payments on the note, also that on the date payments were endorsed she had given no authorization to anyone to place the endorsements thereon and that they were placed there without her knowledge and consent. It is apparent the trial court believed her testimony and placed little, if any, weight on that of witnesses for the appellant. This it had a right to do and its conclusion is binding on appellate review. It has been repeatedly held that questions pertaining to the credibility of witnesses and the weight to be given their testimony are for the trial court to determine and that so long as there is some substantial evidence to support its judgment, its decision is conclusive on appeal irrespective of whether there was other evidence which would have required it to reach a contrary conclusion had it seen fit to believe such evidence. (*Killough v. Swift & Co. Fertilizer Works,* 154 Kan. 113, 114 P. 2d 831; *Gale v. Fruehauf Trailer Co.,* 158 Kan. 30, 33, 145 P. 2d 125, and cases there cited.)

We know of no decision, and appellant cites none, holding that endorsement of a credit upon a note without authorization of the debtor revives the instrument or tolls the running of the statute. Decisions like *Gorrill v. Goff,* 148 Kan. 765, 84 P. 2d 953, on which appellant states he bases his right to recover and which are authority for the proposition that a credit endorsement made without the original knowledge or consent of the maker of a note may be ratified by him and when ratified are as binding as though he had originally made the payment under circumstances amounting to an acknowledgment of the debt, are not decisive or applicable. Here the trial

court not only found there had been no payments as claimed by the appellant but in addition expressly held that the evidence did not disclose Mrs. Wagoner had authorized the credit endorsements appearing upon the notes. Without payments, or authorization for the endorsements, the action on such notes was barred by the statute. Once the trial court reached that conclusion from the evidence it was required to deny recovery and render judgment against the appellant. It necessarily follows since the notes were outlawed that no action could be maintained upon the mortgage given to secure their payment (*Kulp v. Kulp*, 51 Kan. 341, 32 Pac. 1118, and *Troxell v. Cleveland Oil Co.*, 145 Kan. 658, 66 P. 2d 545).

Appellant's other specifications of error are without substantial merit and can be disposed of summarily: One is that the judgment of the trial court was rendered under the influence of prejudice. We find nothing in the record to justify such a conclusion.

Another specification of error is that some of the testimony of D. C. Merlo, a banker, who placed the endorsements on the notes sued on was improperly rejected. The testimony of this witness was taken in the form of a deposition under a stipulation that objections to questions propounded at the time of the taking of the deposition could be made at the trial. Much of the testimony excluded was based upon questions which were leading and called for the conclusion of the witness. Other testimony excluded had to do with the banker's version as to why he had made the endorsements. When it appeared from his testimony he had no recollection of the conversation had between Mrs. Wagoner and her mother with respect to his action and that he could not say that the former had directed him to make the endorsements the court excluded his statement in the form of a conclusion to the effect he had made such endorsements as a result of a conversation had between the two women. We have examined the record and find no error in the court's ruling with respect to any of the excluded testimony.

Still another specification of error is that the court erred in permitting an extended cross-examination of the appellant's witness, Merlo. It is true this witness was cross-examined upon many matters not touched upon in his direct examination. However, the trial court in overruling the appellant's objections to some of his cross-examination stated that it did so for the reason the questions objected to went to his competency as a witness and had to do with matters which would enable it to determine the credit and weight

to be given to his testimony. Under our decisions the trial court had a wide discretion in allowing cross-examination of this witness for the purpose of enabling it to pass upon his credibility and unless apparent abuse of its judicial discretion appears this court cannot disturb its ruling (*Atkinson v. Wiard*, 153 Kan. 96, 109 P. 2d 160; *Gant v. Gas Service Co.*, 156 Kan. 685, 687, 135 P. 2d 533; *Lutz v. Peoples State Bank*, 135 Kan. 115, 120, 9 P. 2d 997; *Harmon v. Theater Co.*, 111 Kan. 252, 206 Pac. 875). From our examination of the testimony of this witness we believe the reasons given by the trial court for permitting latitude in his cross-examination were justified. Certainly it cannot be said that under all the circumstances the extent of cross-examination permitted amounted to an abuse of discretion.

Other errors assigned as ground for reversal have been examined and are found without substantial merit.

The judgment is affirmed.