No. 45,808

C. L. BROHAN, *Appellee*, v. RALPH L. NAFZIGER, JR., *Appellant.*

(476 P. 2d 649)

Opinion filed November 7, 1970.

*Hugh H. Kreamer*, of Olathe, argued the cause and was on the brief for the appellant.

*M. K. Hoag*, of Pleasanton, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This action stems from a controversy over the amount to be paid for building dikes and drains on certain land.

Defendant was the owner of 492 acres of land in Linn County, Kansas. Early in the year 1967, he entered into an oral contract with plaintiff, a heavy equipment operator, to drain some twenty acres of bottom land, remove an old dam and rebuild a new dike or levee at the lower end. The purpose of the work was to create a condition where defendant could drain the bottomland for planting for grain in the spring, then close the drain and flood the area for duck hunting in the fall.

The plaintiff was to do the work and be compensated on an hourly basis. The compensation per hour and the hours spent on the project are not in dispute.

The work was completed September 30, 1967. The plaintiff submitted his bill. The defendant refused to pay. This action was

brought and tried to the court. Judgment was rendered against the defendant in the amount of $17,265.80 with interest at six percent per annum until paid.

Defendant has appealed.

Appellant contends that the judgment in the amount rendered is not supported by the evidence. We quote the appellant's chief contention on this point.

"There is no doubt that the parties were working under an oral contract to do certain work at so much an hour. The main quarrel is that too many hours were spent getting the job done, in fact, more than double what appellant was led to believe the job would cost. Further, the job was not properly done as the field created doesn't drain."

The trial court made findings of fact on the controlling issues. We quote:

"The court finds that plaintiff C. L. Brohan is engaged in soil conservation and earthmoving work; that defendant Ralph L. Nafziger, Jr., is the owner of certain land in Linn County, Kansas, described as follows: [Detailed description omitted.] and the court further finds that early in 1967, Nafziger engaged Brohan to do certain earthmoving and clearing work on his Linn County land, Brohan to be paid for the work on an hourly basis; that Brohan estimated the cost of a portion of the work, based on normal weather conditions, at seven or eight thousand dollars, but that prior to the start of the work it was agreed that Brohan would proceed on an hourly and not on a job basis; that during the course of the work, Nafziger insisted that the work proceed when the land was wet and Brohan did not think it best to work the equipment, because Nafziger was anxious to have the dike completed in time for duck season; that the major portion of the work was done in low-lying clay or gumbo soils, some of it having been part of an old lake bed; that there was heavy rainfall during the period of time in question; that plaintiff, the witness Craigmiles, and others told Nafziger that he wasn't getting his money's worth, working the tractors in the mud, and that he should 'park the cats,' but Nafziger insisted on proceeding with the job, with the result that the work took many more hours than would otherwise have been required; that Nafziger was advised weekly by Mrs. Brohan of his total accrued bill, and he made no objection thereto until the work was completed; that Nafziger told Adrian Craigmiles, a banker from Rich Hill, Missouri, in late July or early August, 1967 that Nafziger was then indebted to Brohan for work done between thirteen and fourteen thousand dollars, and the whole job would run twenty thousand dollars or so; that under the circumstances the charges are reasonable for the work and services performed at Nafziger's request; that there is due plaintiff from defendant Nafziger the sum of $17,265.80, together with interest thereon at the rate of six percent per annum from September 30, 1967, until paid, . . ."

There was ample competent evidence to support the trial court's findings. We note briefly:

Mrs. Charles Brohan kept books for appellee and during all the time the work progressed appellant knew exactly the amount of his bill.

During the latter part of July or the first of August, appellant told witness Craigmiles that his bill at that time was around $13,000 or $14,000, and that he thought the whole thing was going to run $20,000.

Mr. Northern, a witness for appellant, testified that under ordinary dry conditions the work done, not including material furnished, would cost $9,877.05. Mr. Northern further testified that wet conditions would add to the cost of the job, and also, to rebuild a defective levee would cost more than to build a new one.

Appellee told appellant that he shouldn't be working in the mud, that it would cost two or three times as much to work in the mud as under ordinary conditions, but appellant insisted that the work go ahead.

We must conclude that when findings of fact are attacked for insufficiency of evidence, or as being contrary to the evidence, the power of this court begins and ends in determining whether there is any competent substantial evidence to support the findings. This court will not weigh the evidence or pass upon the credibility of the witnesses. (*State v. Lyon*, 203 Kan. 78, 452 P. 2d 838; *Schnug v. Schnug*, 203 Kan. 380, 454 P. 2d 474.)

The appellant next contends that the trial court erred in charging the entire 492 acres of land owned by him with the payment of the judgment. On this issue the trial court found:

". . . And the court further finds that the work was performed in clearing part of the land, in building a dike or levee, and in building extensive roads; that the work extends over a large area, and make all of the land more accessible, and all of the land benefited by the work; therefor the lien should be against the entire acreage."

This finding was also supported by substantial competent evidence. On cross-examination appellee stated that he cut a corner off a hill and made a parking lot or trailer park; built one-half to three-quarters of a mile of road across the tract of land, and cored and rebuilt a dike or levee down one side and across the end of an old lake. Appellant testified as to the clearing of eight acres on the hill and clearing along the roadway and around the trailer camp grounds.

A witness, testifying for the appellant, stated that he walked a lot of miles and spent about four hours inspecting the work done

by appellee, including trees that had been pushed out on the hillside, that he saw a road that had been built, the side of a hill that had been cut down, a pond dug and some dike work done.

The principle upon which a lien is given for improvements upon land is that it adds to the value thereof. (*Windmill Co. v. Baker,* 49 Kan. 434, 30 Pac. 472.)

We must conclude, as did the trial court, that all of the land benefited from the improvement.

The judgment is affirmed.

APPROVED BY THE COURT.